■ BRIAN MAGINNISS, Respondent-Appellant, v CITY OF NEW YORK, Respondent, and PATRICK RAFFERTY, Appellant-Respondent, et al., Defendant. [629 NYS2d 200] —Order, Supreme Court, New York County (Salvador Collazo, J.), entered on or about May 24, 1994, which denied plaintiff's motion for partial summary judgment, denied defendant Rafferty's cross motion for summary judgment and, *sua sponte,* granted summary judgment to the City, unanimously affirmed, without costs.

Rafferty, a probationary police officer, had ended his shift and gone home to clean his revolver. While he was cleaning the gun, two friends arrived and they each had a beer. Rafferty left the cleaned and loaded gun on the coffee table in the living room in the vicinity of his friends and then went to take a shower. One of the friends thereafter picked up the gun, which went off and injured the other friend. Under these circum-

stances, there can be no liability against the City (*see, Joseph v City of Buffalo*, 83 NY2d 141). Clearly, at the time the gun went off, Rafferty was not acting within the scope of his employment (*cf., Hacker v City of New York*, 46 Misc 2d 1003, *revd* 26 AD2d 400, *affd* 20 NY2d 722, *cert denied* 390 US 1036). It is also noted that in light of the City's expert testimony concerning the training that officers receive on the care, maintenance and safeguarding of weapons, and Rafferty's admission that he received special training in connection with firearms, there is no basis for the assertion that Rafferty was negligently trained or supervised. Although the court did not explicitly dismiss the plaintiff's complaint against the City, it is clear that such was the import of its decision and we so construe it.

We have considered cross-appellant's other affirmative claims for relief and find them meritless. Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Mazzarelli, JJ.