■ SEVERINO PEREZ, Respondent, v CITY OF NEW YORK et al., Appellants, and CAROL HEALY, Respondent. [841 NYS2d 559]—

Judgment, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered December 16, 2005, after a jury trial, awarding plaintiff damages in the principal sum of $1.1 million, and judgment, same court and Justice, entered December 6, 2005, which, after a hearing before Anne E. Targum, J., awarded defendant Healy indemnification against defendant City for legal fees and expenses in the amount of $31,000, unanimously reversed, on the law, without costs, and the complaint and Healy's cross claim dismissed. The Clerk is directed to enter judgment accordingly.

Plaintiff was arrested and prosecuted at the instigation of defendant Healy, then a City police officer, in an incident culminating a long-brewing personal dispute between them. The jury determined that Healy was acting within the scope of her employment. We find no reasonable interpretation of the facts to support that conclusion (*see e.g. Caits v Keyser*, 202 AD2d 180 [1994]). As a matter of law, an officer is not acting within the scope of employment when causing an arrest of an individual while "engaging in a personal dispute, without any genuine

official purpose," and simply "motivated by personal pique" (*Campos v City of New York*, 32 AD3d 287, 291-292 [2006], *lv denied* 8 NY3d 816 [2007]). This arrest was clearly "brought on by a matter wholly personal in nature, the source of which was not job-related" (*see Seymour v Gateway Prods.*, 295 AD2d 278, 278 [2002]). The trial court should have granted the City's motion to dismiss on this ground.

This finding necessitates rejection of Healy's cross claim for legal fees and expenses as well. Pursuant to General Municipal Law § 50-k, she requested the Corporation Counsel to provide her with a defense. The Corporation Counsel has the statutory authority to determine whether or not the subject "act or omission . . . occurred while the employee was acting within the scope of [her] public employment and in the discharge of [her] duties and was not in violation of any rule or regulation of [her] agency at the time the alleged act or omission occurred" (§ 50-k [2]). Here, the negative determination by the Corporation Counsel should not have been set aside by Supreme Court, since it cannot be said that it lacked a factual basis, or was, in that sense, arbitrary and capricious (*see Wong v City of New York*, 174 AD2d 486 [1991]). Concur—Andrias, J.P., Buckley, Catterson, Malone and Kavanagh, JJ.