■ KRISTIN PEREZ, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [912 NYS2d 691]—

In an action, inter alia, to recover damages for wrongful death, the plaintiff appeals from an order of the Supreme Court, Kings County (Miller, J.), dated June 11, 2009, which granted the motion of the defendant City of New York for summary judgment

dismissing the complaint insofar as asserted against it and denied her cross motion for summary judgment against the City of New York on the issue of whether the defendant Javier Colon was acting within the scope of his employment at the time of the accident.

Ordered that the order is affirmed, with costs.

On September 15, 2004, the defendant Javier Colon, a New York City police officer, was off duty and made plans to meet friends that night to play cards. Upon arriving at his friend's apartment with the plaintiff's decedent, George Perez, and in anticipation of consuming alcohol, Colon decided to remove his service weapon from its holster and unload it. While Colon was in the process of unloading the weapon, it accidentally discharged, and the bullet struck Perez, mortally wounding him.

The plaintiff commenced this action on behalf of the decedent's estate against Colon and the City of New York. Following discovery, the City moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that it was not liable for Colon's actions because Colon was not acting within the scope of his employment at the time of the shooting. The plaintiff cross-moved for summary judgment on the issue of whether Colon was acting within the scope of his employment at the time of the shooting.

Under the doctrine of respondeat superior, an employer is vicariously liable for an employee's tortious acts when those acts "were committed 'in furtherance of the employer's business and within the scope of employment' " (*Holmes v Gary Goldberg & Co., Inc.*, 40 AD3d 1033, 1034 [2007], quoting *N.X. v Cabrini Med. Ctr.*, 97 NY2d 247, 251 [2002]). An act is within the scope of employment when it is "performed while the employee is engaged generally in the business of his employer, or if his act may be reasonably said to be necessary or incidental to such employment" (*Davis v Larhette*, 39 AD3d 693, 694 [2007]), or where the act has the purpose " 'to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business' " (*Beauchamp v City of New York*, 3 AD3d 465, 466 [2004], quoting *Stavitz v City of New York*, 98 AD2d 529, 531 [1984]). In contrast, "where an employee's actions are taken for wholly personal reasons, which are not job related, his or her conduct cannot be said to fall within the scope of employment" (*Beauchamp v City of New York*, 3 AD3d at 466).

Here, the City met its prima facie burden of demonstrating that Colon was not acting within the scope of his employment as a police officer when he unloaded his service weapon and it

accidently discharged. His actions on the date of the incident were wholly personal in nature—he was off duty, engaged in a social activity at his friend's apartment, where he planned to consume alcohol and, concerned about his comfort and the fact that he would consume alcohol, determined that unloading his firearm would be the best method to secure the weapon (*see Joseph v City of Buffalo*, 83 NY2d 141 [1994]; *Maginniss v City of New York*, 216 AD2d 134 [1995]; *see also Pekarsky v City of New York*, 240 AD2d 645 [1997]; *cf. Kull v City of New York*, 32 NY2d 951 [1973], *revg* 40 AD2d 829 [1972]).

In opposing summary judgment, the plaintiff failed to demonstrate the existence of a triable issue of fact as to whether Colon was acting within the scope of his employment at the time of the shooting (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court properly granted the City's motion for summary judgment dismissing the complaint insofar as asserted against it and denied the plaintiff's cross motion. Rivera, J.P., Dillon, Angiolillo and Austin, JJ., concur. **[Prior Case History: 23 Misc 3d 1139(A), 2009 NY Slip Op 51196(U).]**