■ JACQUELINE DANNER-CANTALINO, Third-Party Plaintiff-Respondent, v CITY OF NEW YORK, Third-Party Defendant-Appellant. [926 NYS2d 109]—

In a third-party action, inter alia, for indemnification, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, (Velasquez, J.), dated April 13, 2010, as, upon granting that branch of the third-party plaintiff's motion which was for leave to reargue her opposition to that branch of its cross motion which was to dismiss the first cause of action in the third-party complaint pursuant to CPLR 3211 (a) (5) as time-barred, and upon, in effect, vacating so much of an order of the same court dated June 8, 2009, as granted that branch of its cross motion, and upon denying that branch of its cross motion, in effect, denied the alternate branch of its cross motion, which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and, upon reargument, that branch of the third-party defendant's cross motion which was for summary judgment dismissing the first cause of action in the third-party complaint is granted.

The third-party plaintiff, who was employed at the relevant time as a New York City police officer, seeks, in her first cause of action, indemnification pursuant to General Municipal Law § 50-k (3) from the third-party defendant City of New York, for any judgment obtained against her in the main action, commenced by Jo-Ann Cantalino, to recover damages for malicious prosecution. The City cross-moved to dismiss the first cause of action in the third-party complaint pursuant to CPLR 3211 (a) (5) as time-barred or, alternatively, for summary judgment dismissing that cause of action. In an order dated June 8, 2009, the Supreme Court granted that branch of the City's cross motion which was to dismiss the first cause of action as time-barred. Upon reargument, however, the Supreme Court determined that the cause of action was not time-barred. The Supreme Court, in effect, vacated so much of the prior determination as granted that branch of the City's cross motion which was to dismiss the first cause of action as time-barred and, in effect, denied the alternate branch of the City's cross motion which was for summary judgment dismissing the first cause of

action. On appeal, the City argues only that it was entitled to summary judgment dismissing the first cause of action because it demonstrated as a matter of law that the third-party plaintiff's conduct challenged in the main action was not done within the scope of her employment.

"An employee's actions fall within the scope of employment where the purpose in performing such actions is 'to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business' " (*Beauchamp v City of New York*, 3 AD3d 465, 466 [2004], quoting *Stavitz v City of New York*, 98 AD2d 529, 531 [1984]; *see Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *Perez v City of New York*, 79 AD3d 835, 836 [2010]; *Schilt v New York City Tr. Auth.*, 304 AD2d 189, 193 [2003]). "Conversely, where an employee's actions are taken for wholly personal reasons, which are not job related, his or her conduct cannot be said to fall within the scope of employment" (*Beauchamp v City of New York*, 3 AD3d at 466; *see Perez v City of New York*, 79 AD3d at 836 [2007]; *Perez v City of New York*, 43 AD3d 712, 712-713 [2007]; *Schilt v New York City Tr. Auth.*, 304 AD2d at 194; *Stavitz v City of New York*, 98 AD2d at 531).

Here, the City demonstrated its entitlement to judgment as a matter of law dismissing the first cause of action in the third-party complaint by demonstrating that the third-party plaintiff's role in Cantalino's arrest and prosecution, which forms the basis of Cantalino's action against the third-party plaintiff, was unrelated to her employment or the discharge of her official duties. In that respect, the City demonstrated that the third-party plaintiff and Cantalino were involved in a longstanding personal dispute, and that Cantalino's arrest and prosecution were precipitated by an altercation between them that occurred while the third-party plaintiff was off duty (*see Perez v City of New York*, 79 AD3d at 836-837; *Perez v City of New York*, 43 AD3d at 713; *Pekarsky v City of New York*, 240 AD2d 645, 645-646 [1997]; *Stavitz v City of New York*, 98 AD2d at 531). The third-party plaintiff failed to raise a triable issue of fact in opposition and, contrary to her contention, determination of the City's summary judgment motion was not premature. Rivera, J.P., Skelos, Hall and Austin, JJ., concur.