■ Theresa Santoro, Respondent, v Geico, Appellant. [986 NYS2d 572]—

In an action to recover damages for breach of an insurance contract, the defendant appeals (1) from an order of the Supreme Court, Nassau County (McCormack, J.), entered September 24, 2012, which denied its motion for summary judgment dismissing the third cause of action, to limit the plaintiff's alleged damages to the policy limit of $275,000, and to delete any reference to an alleged breach of contract from the first cause of action, and (2) from so much of an order of the same court entered February 26, 2013, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered September 24, 2012, is dismissed, as that order was superseded by the order entered February 26, 2013, made upon reargument; and it is further, .

Ordered that the order entered February 26, 2013, is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the determination in the order entered September 24, 2012, denying that branch of the defendant's motion which was to limit the plaintiff's alleged damages to the policy limit of $275,000, and substituting therefor a provision, upon reargument, vacating that determination in the order entered September 24, 2012, and thereupon granting that branch of the motion; as so modified, the order entered February 26, 2013, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff allegedly was injured in a motor vehicle accident with another vehicle. The insurer of the owner of the other vehicle tendered the policy limit of $25,000 in settlement of the plaintiff's claim. The plaintiff had automobile insurance with the defendant, which included $300,000 in "Supplementary Uninsured/Underinsured Motorist" (hereinafter SUM) coverage. She made a claim for the full policy limit of the SUM coverage, or $275,000 after subtracting the amount received in settlement. The defendant offered the plaintiff $75,000, and refused her demand for payment of the policy limit.

The plaintiff commenced this action alleging, inter alia, that the defendant breached the insurance contract by refusing payment of the full policy limit. The defendant moved for summary judgment dismissing the third cause of action, which alleged breach of contract, to limit the plaintiff's alleged damages to the policy limit of $275,000, and to delete any reference to an alleged breach of contract from the first cause of action. The

Supreme Court denied the motion. The defendant moved for leave to reargue the motion. The Supreme Court granted leave to reargue and, upon reargument, adhered to the original determination denying the motion. The defendant appeals.

The Supreme Court, upon reargument, properly adhered to its original determination denying those branches of the defendant's motion which were for summary judgment dismissing the third cause of action and to delete any reference to an alleged breach of contract from the first cause of action. The defendant's submissions on its motion failed to establish the absence of triable issues of fact as to whether it breached the insurance contract by refusing payment of the full policy limit. Accordingly, the defendant failed to meet its prima facie burden of demonstrating its entitlement to judgment as a matter of law, and these branches of the motion were properly denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the Supreme Court, upon reargument, should have granted that branch of the defendant's motion which was to limit the plaintiff's alleged damages to the policy limit of $275,000. While "consequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting" (*Panasia Estates, Inc. v Hudson Ins. Co.*, 10 NY3d 200, 203 [2008] [citations and internal quotation marks omitted]), the only consequential damages asserted by the plaintiff are an attorney's fee and costs and disbursements resulting from this affirmative litigation, which are not recoverable (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 324 [1995]; *Mighty Midgets v Centennial Ins. Co.*, 47 NY2d 12, 21 [1979]; *Stein, LLC v Lawyers Tit. Ins. Corp.*, 100 AD3d 622 [2012]). Dillon, J.P., Leventhal, Sgroi and Maltese, JJ., concur.