■ SHEENA MICHELLE WOOD, as Administratrix of the Estate of CHRIS ANTHONY KENNER, Deceased, Appellant, v STATE OF NEW YORK et al., Respondents. [990 NYS2d 76]—

In a claim to recover damages for wrongful death, the claimant appeals from an order of the Court of Claims (Marin, J.), dated August 21, 2012, which granted the defendants' motion for summary judgment dismissing the claim.

Ordered that the order is affirmed, with costs.

"Under the doctrine of respondeat superior, an employer can be held vicariously liable for the torts committed by an employee acting within the scope of the employment" (*Fernandez v Rustic Inn, Inc.*, 60 AD3d 893, 896 [2009]; *see Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *Quiroz v Zottola*, 96 AD3d 1035, 1037 [2012]). "An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of his [or her] employer, or if his [or her] act may be reasonably said to be necessary or incidental to such employment" (*Davis v Larhette*, 39 AD3d 693, 694 [2007]; *see Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]; *Gui Ying Shi v McDonald's Corp.*, 110 AD3d 678, 679 [2013]; *Pinto v Tenenbaum*, 105 AD3d 930, 931 [2013]). However, an employer may not be held vicariously liable for its employee's

alleged tortious conduct if, at the time of the underlying incident, the employee was acting solely for personal motives unrelated to the furtherance of the employer's business (*see Gui Ying Shi v McDonald's Corp.*, 110 AD3d at 679; *Pinto v Tenenbaum*, 105 AD3d at 931; *Horvath v L & B Gardens, Inc.*, 89 AD3d 803, 803 [2011]; *Fernandez v Rustic Inn, Inc.*, 60 AD3d at 896).

Here, the claimant's decedent was shot by an off-duty New York State Corrections Officer, Emilio Maldonado, after a dispute. The record showed, inter alia, that Maldonado was assaulted by the claimant's decedent and his brother following a traffic dispute. At the time of the incident, Maldonado was driving his personal vehicle, and was accompanied by family members. He was carrying his own privately-owned weapon as well as a badge.

In support of their motion for summary judgment, the defendants submitted the transcript of Maldonado's deposition. At his deposition, Maldonado testified that the two assailants kicked and punched him through his open car window. Maldonado testified that, during the attack, he saw the decedent "reach[ing]" for his waistband. Maldonado then drew his weapon. Maldonado testified that, at this point, the decedent's brother kicked him, causing the weapon to accidentally discharge. Under these circumstances, the defendants established, prima facie, that Maldonado was not acting within the scope of his employment as a corrections officer or as a peace officer in connection with this incident (*see Danner-Cantalino v City of New York*, 85 AD3d 709, 710 [2011]; *Perez v City of New York*, 79 AD3d 835, 836-837 [2010]; *Pekarsky v City of New York*, 240 AD2d 645 [1997]).

In opposition, the claimant failed to raise a triable issue of fact as to the defendants' liability under the doctrine of respondeat superior. Although Maldonado testified in a related criminal action that he intended or planned to "cuff" and detain the assailants, it is undisputed that he never took any affirmative steps toward effecting a detention. In particular, he did not order the assailants to halt, and he did not physically attempt to handcuff or detain them. It is also undisputed that after the shooting, Maldonado did not attempt to detain the fleeing assailants. Under these circumstances, the claimant failed to raise a triable issue of fact as to whether Maldonado acted within the scope of his official duties (*see Danner-Cantalino v City of New York*, 85 AD3d at 710; *Campos v City of New York*, 32 AD3d 287, 293-294 [2006]; *Pekarsky v City of New York*, 240 AD2d at 645-646). Therefore, the Court of Claims did not err in granting

the defendants' motion for summary judgment dismissing the claim. Rivera, J.P., Sgroi, Hinds-Radix and Maltese, JJ., concur.