■ JENNIFER HOFFMAN, Respondent, v VERIZON WIRELESS, INC., et al., Defendants, and ZOOM WIRELESS, INC., Appellant. [5 NYS3d 123]—

In an action to recover damages for negligence, negligent infliction of emotional distress, intentional infliction of emotional distress, prima facie tort, negligent hiring and supervision, breach of contract, and breach of warranty, the defendant Zoom Wireless, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pastoressa, J.), dated November 7, 2012, as denied that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, without prejudice to renewal upon the completion of discovery.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff alleged that, in 2007, private photographs of her that had been stored electronically on her cell phone were disseminated to the public after she had taken her cell phone to a retail store owned by R&K Trading, Inc., sued herein as Zoom Wireless, Inc. (hereinafter R&K), for repairs. The plaintiff further alleged that R&K's employee and agent, Keith Press, sued herein as Chris Pruss (hereinafter Press), accessed and disseminated the photographs when he was examining her cell phone in the back office. The plaintiff commenced this action against Verizon Wireless, Inc., R&K, and Press. R&K moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied that branch of R&K's motion without prejudice to renewal upon the completion of discovery.

"Pursuant to the doctrine of respondeat superior, an employer can be held vicariously liable for torts committed by an employee acting within the scope of employment" (*Horvath v L & B Gardens, Inc.*, 89 AD3d 803, 803 [2011]; *see Fernandez v Rustic Inn, Inc.*, 60 AD3d 893, 896 [2009]). "Intentional torts as

well as negligent acts may fall within the scope of employment" (*Patterson v Khan*, 240 AD2d 644, 644 [1997]). Liability will not attach for torts committed by an employee acting solely for personal motives unrelated to the furtherance of the employer's business (*see Gui Ying Shi v McDonald's Corp.*, 110 AD3d 678, 679 [2013]; *Carnegie v J.P. Phillips, Inc.*, 28 AD3d 599, 600 [2006]), or for conduct which could not have been reasonably expected by the employer (*see Yildiz v PJ Food Serv., Inc.*, 82 AD3d 971, 972 [2011]).

Here, R&K failed to establish, prima facie, that it could not be held vicariously liable for Press's alleged acts, as it submitted no transcripts of testimony or affidavits from any of its employees, or business records, to support its contention that Press was acting outside the scope of his employment when he accessed and disseminated photographs from the plaintiff's cell phone. Moreover, in support of its motion, R&K submitted the transcript of the plaintiff's deposition, during which she testified that, after the incident, she learned from another R&K employee that personal information and pictures had been removed from the phones of other customers of R&K's store by its employees prior to the removal of photographs from her phone. Consequently, R&K's submissions failed to eliminate all triable issues of fact as to those causes of action alleging negligence, intentional and negligent infliction of emotional distress, and prima facie tort, which were premised upon the theory of respondeat superior (*see Riviello v Waldron*, 47 NY2d 297, 304 [1979]; *Ammirati v Arias*, 111 AD3d 771, 772 [2013]; *Beauchamp v City of New York*, 3 AD3d 465, 467 [2004]).

In addition, R&K failed to meet its prima facie burden with respect to that branch of its motion which was for summary judgment dismissing the cause of action alleging negligent hiring and supervision. "To establish a cause of action based on negligent hiring and supervision, it must be shown that the employer knew or should have known of the employee's propensity for the conduct which caused the injury" (*Jackson v New York Univ. Downtown Hosp.*, 69 AD3d 801, 801 [2010] [internal quotation marks omitted]; *see Evans v City of Mount Vernon*, 92 AD3d 829, 830 [2012]). R&K failed to submit any proof establishing that it did not know and should not have known about Press's alleged propensity to engage in the conduct at issue here, or that it was not negligent in hiring Press (*see Selmani v City of New York*, 116 AD3d 943, 944 [2014]; *Beauchamp v City of New York*, 3 AD3d at 467). Further, the plaintiff's deposition testimony demonstrated the existence of a triable issue of fact as to whether R&K knew or

should have known that its employees, including Press, were removing personal information and photographs from its customers' phones without the customers' knowledge or consent.

Moreover, R&K did not establish, prima facie, its entitlement to judgment as a matter of law dismissing the causes of action alleging breach of contract and breach of warranty. Its submissions in support of its motion failed to demonstrate the absence of triable issues of fact as to the existence of a wireless communications contract between itself and the plaintiff and the breach of such a contract (*see Santoro v GEICO*, 117 AD3d 1026, 1028 [2014]; *Green Complex, Inc. v Smith*, 107 AD3d 846, 849 [2013]).

R&K's remaining contentions are without merit.

In light of R&K's failure to establish its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied that branch of R&K's motion which was for summary judgment dismissing the complaint insofar as asserted against it, without prejudice to renewal upon the completion of discovery. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.

---

Motion by the respondent, inter alia, to dismiss an appeal from an order of the Supreme Court, Suffolk County, dated November 7, 2012, on the ground, in effect, that the appeal has been rendered academic. By decision and order on motion of this Court dated December 17, 2013, that branch of the motion which is to dismiss the appeal on the ground, in effect, that the appeal has been rendered academic was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to dismiss the appeal on the ground, in effect, that the appeal has been rendered academic is denied. Rivera, J.P., Hall, Austin and Cohen, JJ., concur.