■ RICARDO BRANDFORD, Appellant, v SUMENDER SINGH et al., Defendants, and S&S SPORTS, INC., Respondent. [25 NYS3d 268]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Nahman, J.), entered March 6, 2015, which denied his motion for summary judgment on the issue of liability against the defendant S&S Sports, Inc., and, in effect, searched the record and awarded summary judgment dismissing the amended complaint insofar as asserted against the defendant S&S Sports, Inc.

Ordered that the order is modified, on the law, by deleting the provision thereof, in effect, searching the record and awarding summary judgment dismissing the amended complaint insofar as asserted against the defendant S&S Sports, Inc.; as so modified, the order is affirmed, without costs or disbursements.

On March 20, 2012, a vehicle owned and operated by the plaintiff was struck in the rear by a motor vehicle operated by the defendant Sumender Singh (hereinafter Sumender) and owned by the defendant Amritpal Singh (hereinafter Amritpal). At the time of the accident, Sumender had been en route to the home of Amardeep Singh, also known as Bobby (hereinafter Bobby), who was the owner of the defendant S&S Sports, Inc. (hereinafter S&S), Sumender's employer. During the workday, Bobby, who was Amritpal's brother-in-law, had asked Sumender to go to his house to open the door for a home inspector.

Initially, the plaintiff commenced this action to recover damages for his personal injuries solely against Sumender and Amritpal. He then moved for summary judgment on the issue of liability against Sumender and Amritpal. That motion was granted by the Supreme Court in an order entered October 16, 2012.

Thereafter, the plaintiff amended the complaint to add S&S as a defendant. The plaintiff alleged that S&S was vicariously liable for Sumender's actions since Sumender was operating Amritpal's vehicle allegedly in the course of his employment with S&S.

The plaintiff moved for summary judgment on the issue of liability against S&S. In its opposition to the motion, S&S requested that it be awarded summary judgment dismissing the amended complaint insofar as asserted against it. The Supreme Court denied the plaintiff's motion and, in effect, searched the record and awarded summary judgment dismissing the amended complaint insofar as asserted against S&S. The plaintiff appeals.

The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting in furtherance of the employer's business and within the scope of his or her employment (*see Doe v Guthrie Clinic, Ltd.*, 22 NY3d 480, 484 [2014]; *RJC Realty Holding Corp. v Republic Franklin Ins. Co.*, 2 NY3d 158, 164 [2004]; *Hoffman v Verizon Wireless, Inc.*, 125 AD3d 806, 806 [2015]; *Gui Ying Shi v McDonald's Corp.*, 110 AD3d 678, 679 [2013]). "An employee's actions fall within the scope of employment where the purpose in performing such actions is to further the employer's interest, or to

carry out duties incumbent upon the employee in furthering the employer's business" (*Beauchamp v City of New York*, 3 AD3d 465, 466 [2004] [internal quotation marks omitted]; *see Selmani v City of New York*, 116 AD3d 943, 944 [2014]). "Conversely, where an employee's actions are taken for wholly personal reasons, which are not job related, his or her conduct cannot be said to fall within the scope of employment" (*Beauchamp v City of New York*, 3 AD3d at 466; *see Danner-Cantalino v City of New York*, 85 AD3d 709 [2011]).

"An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of his employer, or if his act may be reasonably said to be necessary or incidental to such employment" (*Fenster v Ellis*, 71 AD3d 1079, 1080 [2010]; *see Zwibel v Midway Auto. Group*, 127 AD3d 965, 966 [2015]). "[T]he employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (*Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]; *see Rodriguez v Judge*, 132 AD3d 966 [2015]). "[B]ecause the determination of whether a particular act was within the scope of the servant's employment is so heavily dependent on factual considerations, the question is ordinarily one for the jury" (*Riviello v Waldron*, 47 NY2d 297, 303 [1979]).

Here, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability, as he did not show that S&S was vicariously liable for Sumender's actions in causing the accident (*see Fenster v Ellis*, 71 AD3d at 1081). Although the plaintiff submitted transcripts of the deposition testimony of Sumender and Bobby, which showed that Sumender was driving Amritpal's vehicle to complete a task at Bobby's request and was being paid at the time that he was doing so, the issue of whether that task was in furtherance of the business of S&S, a wholesaler of shoes, and within the scope of his employment in the shipping department of S&S and not a personal favor to Bobby, is an issue for a jury to decide (*see Riviello v Waldron*, 47 NY2d at 303).

The Supreme Court erred by, in effect, searching the record and awarding summary judgment dismissing the amended complaint insofar as asserted against S&S. The record did not demonstrate, as a matter of law, that Sumender was not acting within the scope of his employment at the time of the accident (*see Fenster v Ellis*, 71 AD3d at 1080-1081). The evidence showed that Bobby directed the plaintiff, during work hours, to go to his home, which had served as an office for S&S from the

time that Bobby purchased the home. Consequently, there is a triable issue of fact as to whether Sumender was acting solely for personal reasons at the time of the accident (*cf. Carnegie v J.P. Phillips, Inc.*, 28 AD3d 599 [2006]; *Horowitz v Sears, Roebuck & Co.*, 137 AD2d 492 [1988]; *Quadrozzi v Norcem, Inc.*, 125 AD2d 559 [1986]).

Accordingly, the Supreme Court properly denied the plaintiffs' motion for summary judgment on the issue of liability against S&S but improperly, in effect, awarded summary judgment to S&S dismissing the amended complaint insofar as asserted against it. Hall, J.P., Austin, Roman and Barros, JJ., concur.