■ MICHAEL P. MALONEY, Respondent, v BAUDILIO RODRIGUEZ, Defendant, and CITY OF BUFFALO et al., Appellants. [68 NYS3d 792]—

Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered July 18, 2016. The order denied the motion of defendants City of Buffalo and City of Buffalo Police Department for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the 1st through 10th causes of action insofar as asserted against defendants City of Buffalo and City of Buffalo Police Department, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action against the City of Buffalo and the City of Buffalo Police Department (City defendants) and defendant Baudilio Rodriguez seeking damages for, inter alia, negligence, assault, and false imprisonment. According to plaintiff, Rodriguez was acting within the scope of his employment as a City of Buffalo police officer when Rodriguez and plaintiff had a verbal and physical encounter outside a bar where Rodriguez was employed in a security position while off-duty from his police employment. Plaintiff was arrested by two City of Buffalo police officers who were called to the scene by an unidentified third person. The 1st through 10th causes of action of the complaint allege that Rodriguez was acting within the scope of his employment with the City of Buffalo Police Department during the encounter.

The City defendants moved for summary judgment dismissing the complaint against them on the ground that Rodriguez was off-duty and not acting within the scope of employment as a City of Buffalo police officer at the time of the encounter. We conclude that Supreme Court erred in denying the motion with respect to the 1st through 10th causes of action. In our view, the City defendants established as a matter of law that they cannot be held liable based on the theory of vicarious liability or respondeat superior, and we therefore modify the order by granting the motion in part and dismissing those causes of action against them.

We begin by observing that, where there are no material disputed facts and there is no question that the employee's acts fall outside the scope of his or her employment, the determination is one of law for the court and not one of fact for the jury (*see Nicollette T. v Hospital for Joint Diseases/Orthopaedic Inst.*, 198 AD2d 54, 54 [1st Dept 1993]). A municipality may be held vicariously liable for the conduct of a member of its police department if the officer was engaged in the performance of police business (*see Joseph v City of Buffalo*, 83 NY2d 141, 145-146 [1994]). Here, in support of their motion, the City defendants established that Rodriguez was at all relevant times off-duty, was engaged in other employment as a private citizen, was not in uniform, did not arrest plaintiff, and did not display his police badge. We thus conclude that the City defendants met their prima facie burden of establishing that Rodriguez was not acting within the scope of his employment as a police officer during the encounter with plaintiff (*see generally Perez v City of New York*, 79 AD3d 835, 836-837 [2d Dept 2010]). In opposition, plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

We reject plaintiff's contention that Rodriguez's identification of himself as a police officer during the encounter raised an issue of fact sufficient to defeat the motion with respect to the issue of scope of employment (*see White v Thomas*, 12 AD3d 168, 168 [1st Dept 2004]; *Schilt v New York City Tr. Auth.*, 304 AD2d 189, 195 [1st Dept 2003]; *see generally Campos v City of New York*, 32 AD3d 287, 291-292 [1st Dept 2006], *lv denied* 8 NY3d 816 [2007], *appeal dismissed* 9 NY3d 953 [2007]).

We note that the City defendants submitted no proof on their motion with respect to the 11th through 13th causes of action, which allege direct claims against them not based upon the theory of vicarious liability or respondeat superior. We therefore conclude that the court properly denied the motion with respect to those causes of action. The City defendants' contention that plaintiff's notice of claim did not assert the direct claims is raised for the first time on appeal and is therefore not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985 [4th Dept 1994]; *see also* General Municipal Law § 50-e [2]). Present—Smith, J.P., Centra, Carni, Curran and Troutman, JJ.