Llorente v Wnorowski (2022 NY Slip Op 02258)

Llorente v Wnorowski

2022 NY Slip Op 02258

Decided on April 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2019-10162
 (Index No. 7283/15)

[*1]John F. Llorente, respondent, 
v
Krzysztof Wnorowski, et al., defendants, City of New York, et al., appellants.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Deborah A. Brenner and Jesse A. Townsend of counsel), for appellants.
Friedman, Levy, Goldfarb & Green, P.C., New York, NY (Michael D. Ricchiuto of counsel), for respondent.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the defendants City of New York and New York City Police Department appeal from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered January 10, 2019. The order denied those defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
On May 30, 2015, the plaintiff was riding a motorcycle in an easterly direction on the Grand Central Parkway when it collided with another motorcycle operated by the defendant Krzysztof Wnorowski, an off-duty police officer. The plaintiff commenced a personal injury action against Wnorowski and another individual, and a separate personal injury action against Wnorowski's employers, the defendants City of New York and New York Police Department (hereinafter together the City defendants). The two actions were subsequently consolidated. The City defendants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that they were not vicariously liable for Wnorowski's actions because he was not acting within the scope of his employment as a police officer at the time of the accident, and that no police action otherwise contributed to the happening of the accident. In an order entered January 10, 2019, the Supreme Court denied the motion. The City defendants appeal.
The Supreme Court properly denied the City defendants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Under the doctrine of respondeat superior, an employer is vicariously liable for a tort committed by an employee while the employee is acting within the scope of his or her employment (see Rivera v State of New York, 34 NY3d 383, 389; Judith M. Sisters of Charity Hosp., 93 NY2d 932, 933; Riviello v Waldron, 47 NY2d 297, 302; Brandford v Singh, 136 AD3d 726, 728). "An employee's action may be considered to be within the scope of employment when it 'is performed while the employee is engaged generally in the business of the employer, or if the act may be reasonably said to be necessary or incidental to such employment'" (Kelly v Starr, 181 AD3d 799, 801, quoting Scott v [*2]Lopez, 136 AD3d 885, 886; see Wood v State of New York, 119 AD3d 672, 672). "'Conversely, where an employee's actions are taken for wholly personal reasons, which are not job related, his or her conduct cannot be said to fall within the scope of employment'" (Danner-Cantalino v City of New York, 85 AD3d 709, 710, quoting Beauchamp v City of New York, 3 AD3d 465, 466). "'[B]ecause the determination of whether a particular act was within the scope of the servant's employment is so heavily dependent on factual considerations, the question is ordinarily one for the jury'" (Norwood v Simon Prop. Group, Inc., 200 AD3d 891, 894, quoting Riviello v Waldron, 47 NY2d at 303; see Beauchamp v City of New York, 3 AD3d 465; Graham v City of New York, 2 AD3d 678).
Here, the City defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against them (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Although the evidence submitted by the City defendants demonstrated that Wnorowski and other off-duty police officers who were traveling behind the plaintiff at the time of the accident were all returning home from work, the evidence also revealed the existence of triable issues of fact as to whether Wnorowski, together with the other officers, had engaged in a police action at the time of the accident by attempting to pull over the plaintiff (see Kelly v Starr, 181 AD3d 799; DeJesus v New York City Tr. Auth., 210 AD2d 27; see generally Elusma v Jackson, 186 AD3d 1326). The City defendants' failure to make the requisite prima facie showing warranted the denial of their motion, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The City defendants' contention that certain of the deposition testimony which they submitted in support of their motion contained inadmissable hearsay that should not be considered is improperly raised for the first time on appeal.
IANNACCI, J.P., RIVERA, WOOTEN and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court