Shah v Runway Towing Corp. (2025 NY Slip Op 00894)

Shah v Runway Towing Corp.

2025 NY Slip Op 00894

Decided on February 13, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 13, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2021-06478
 (Index No. 716126/18)

[*1]Syed Shah, et al., respondents-appellants, 
v
Runway Towing Corp., appellant-respondent, et al., defendants.

Constantinidis & Associates, P.C., Bellmore, NY (Gus John Constantinidis and Steven T. Lane of counsel), for appellant-respondent.
Rosen Law LLC, Great Neck, NY (Gary Rosen and Michael J. Noonan of counsel), for respondents-appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant Runway Towing Corp. appeals, and the plaintiffs cross-appeal, from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered August 17, 2021. The order, insofar as appealed from, denied that branch of the cross-motion of the defendant Runway Towing Corp. which was for summary judgment dismissing the amended complaint insofar as asserted against it. The cross-appeal was deemed dismissed pursuant to 22 NYCRR 1250.10(a).
ORDERED that the order is modified, on the law, by deleting the provision thereof denying those branches of the cross-motion of the defendant Runway Towing Corp. which were for summary judgment dismissing the cause of action alleging negligent entrustment against it and so much of the cause of action alleging negligence against it as was based upon negligent hiring and training, and substituting therefor a provision granting those branches of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
On December 5, 2017, the defendant Devon Privott was assigned by his employer, the defendant Runway Towing Corp. (hereinafter Runway), to tow a vehicle parked at a gas station in Queens. The plaintiff Syed Shah alleged that after he arrived at the gas station, he had a verbal altercation with Privott, Privott pushed Shah to the ground, and Shah sustained injuries when a vehicle ran over his wrist. Shah, and his wife suing derivatively, commenced this personal injury action against, among others, Runway and Privott. Runway cross-moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it. In an order entered August 17, 2021, the Supreme Court, among other things, denied that branch of Runway's cross-motion. Runway appeals.
The Supreme Court erred in denying those branches of Runway's cross-motion which were for summary judgment dismissing the cause of action alleging negligent entrustment against it and so much of the cause of action alleging negligence against it as was based upon negligent hiring and training. "'[A] necessary element of such causes of action is that the employer knew or should have known of the employee's propensity for the conduct which caused the injury'" (Barton v City of New York, 187 AD3d 976, 978, quoting Kenneth R. v Roman Catholic Diocese of Brooklyn, [*2]229 AD2d 159, 161; see Hammill v Salesians of Don Bosco, 228 AD3d 738, 739; Guarino v ProHEALTH Care Assoc., LLP, 219 AD3d 467, 468). Here, the evidentiary material submitted by Runway demonstrated, prima facie, that it did not have notice of Privott's alleged propensity for the conduct that caused Shah's injuries (see Yildiz v PJ Food Serv., Inc., 82 AD3d 971, 972; Day v Hellenic Serv. Sta., 2 AD3d 482, 483). In opposition, the plaintiffs failed to raise a triable issue of fact as to whether Runway knew or should have known of Privott's alleged propensity for the conduct that caused Shah's injuries (see Barton v City of New York, 187 AD3d at 978). Accordingly, the court should have granted those branches of Runway's cross-motion which were for summary judgment dismissing the cause of action alleging negligent entrustment against it and so much of the cause of action alleging negligence against it as was based upon negligent training and hiring.
However, the Supreme Court properly denied that branch of Runway's cross-motion which was for summary judgment dismissing so much of the cause of action alleging negligence against it as was based upon the doctrine of respondeat superior. "The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting in furtherance of the employer's business and within the scope of his or her employment" (Brandford v Singh, 136 AD3d 726, 727; see Llorente v Wnorowski, 204 AD3d 656, 657). "'An employee's actions fall within the scope of employment where the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business'" (Montalvo v Episcopal Health Servs., Inc., 172 AD3d 1357, 1359, quoting Beauchamp v City of New York, 3 AD3d 465, 466 [internal quotation marks omitted]). "'An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of the employer, or if the act may be reasonably said to be necessary or incidental to such employment'" (id., quoting Pinto v Tenenbaum, 105 AD3d 930, 931; see Llorente v Wnorowski, 204 AD3d at 657; Beauchamp v City of New York, 3 AD3d at 466).
"'Intentional torts as well as negligent acts may fall within the scope of employment'" (Hoffman v Verizon Wireless, Inc., 125 AD3d 806, 806-807, quoting Patterson v Khan, 240 AD2d 644, 644). However, "an employer cannot be held vicariously liable for torts committed by an employee acting solely for personal motives unrelated to the furtherance of the employer's business" (D.T. v Sports & Arts in Schs. Found., Inc., 193 AD3d 1096, 1097). "'Similarly, the employer is not vicariously liable where the employee's tortious conduct could not have been reasonably expected by the employer'" (Gui Ying Shi v McDonald's Corp., 110 AD3d 678, 679, quoting Yildiz v PJ Food Serv., Inc., 82 AD3d at 972). "The determination of whether a particular act was within the scope of employment is heavily dependent on factual considerations and is ordinarily a question for the jury" (Deltoro v Arya, 44 AD3d 896, 896; see Llorente v Wnorowski, 204 AD3d at 657; Beauchamp v City of New York, 3 AD3d at 466-467).
Here, Runway failed to establish, prima facie, that Privott was not acting within the scope of his employment at the time of the incident. The evidence submitted by Runway revealed the existence of triable issues of fact as to whether Privott was "acting solely for personal motives unrelated to the furtherance of the employer's business" (D.T. v Sports & Arts in Schs. Found., Inc., 193 AD3d at 1097; see Llorente v Wnorowski, 204 AD3d at 657; Brandford v Singh, 136 AD3d at 727; Giambruno v Crazy Donkey Bar & Grill, 65 AD3d 1190, 1193). Runway's failure to make the requisite prima facie showing warranted denial of that branch of its cross-motion which was for summary judgment dismissing so much of the cause of action alleging negligence against it as was based upon the doctrine of respondeat superior, without regard to the sufficiency of the plaintiffs' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We decline the plaintiffs' request to search the record and award them summary judgment on the issue of liability on the cause of action alleging negligence against Runway.
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court