Bracero v State of New York (2026 NY Slip Op 01484)

Bracero v State of New York

2026 NY Slip Op 01484

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-11421

[*1]Louis Bracero, appellant, 
vState of New York, respondent. (Claim No. 128869)

Mario Vasquez & Associates, P.C., New Rochelle, NY, for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Joshua N. Cohen of counsel), for respondent.

DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Walter Rivera, J.), dated August 2, 2023. The order, insofar as appealed from, denied those branches of the claimant's motion which were for summary judgment on the issue of liability on the claims alleging vicarious liability for assault and battery, vicarious liability for use of excessive force, and negligent infliction of emotional distress, and, upon searching the record, awarded the defendant summary judgment dismissing those claims.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 8, 2016, the claimant was assaulted by a correction officer while incarcerated at the Fishkill Correctional Facility. Thereafter, the claimant commenced this claim against the defendant, the State of New York, to recover damages for personal injuries, asserting claims alleging negligent supervision and retention, vicarious liability for use of excessive force, vicarious liability for assault and battery, and negligent infliction of emotional distress. The claimant moved, inter alia, for summary judgment on the issue of liability on the claims alleging vicarious liability for assault and battery, vicarious liability for use of excessive force, and negligent infliction of emotional distress. In an order dated August 2, 2023, the Court of Claims, among other things, denied those branches of the claimant's motion and, upon searching the record, awarded the State summary judgment dismissing the claims alleging vicarious liability for assault and battery, vicarious liability for use of excessive force, and negligent infliction of emotional distress. The claimant appeals.
The Court of Claims properly awarded the State summary judgment dismissing the claims alleging vicarious liability for assault and battery and vicarious liability for use of excessive force. "Under the common-law doctrine of respondeat superior, an employer—including the State—may be held vicariously liable for torts, including intentional torts, committed by employees acting within the scope of their employment" (Rivera v State of New York, 34 NY3d 383, 389; see Wood v State of New York, 119 AD3d 672, 672), provided that the tortious conduct is "'generally foreseeable and a natural incident of the employment'" (Rivera v State of New York, 34 NY3d at 389, quoting Judith M. v Sisters of Charity Hosp., 93 NY2d 932, 933; see Riviello v Waldron, 47 NY2d 297, 304). In determining whether an employee was acting within the scope of his or her employment for purposes of vicarious liability, courts look to several factors, including "'the connection between the time, place and occasion for the act; the history of the relationship between [*2]employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated' (i.e., whether it was foreseeable)" (Rivera v State of New York, 34 NY3d at 390, quoting Riviello v Waldron, 47 NY2d at 302-303). Furthermore, "in cases involving a use of force, whether an employee is acting within the scope of employment requires consideration of whether the employee was authorized to use force to effectuate the goals and duties of the employment" (id.).
Here, contrary to the claimant's contention, he failed to establish that the assault constituted conduct within the scope of the correction officer's employment and, thus, failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability with respect to his vicarious liability claims (see id. at 389-390). Moreover, the evidence submitted by the State established, prima facie, that the correction officer was not acting within the scope of his employment when he assaulted the claimant (see id.). Accordingly, the Court of Claims properly awarded the State summary judgment dismissing the claims alleging vicarious liability for assault and battery and vicarious liability for use of excessive force.
The Court of Claims also properly awarded the State summary judgment dismissing the claim alleging negligent infliction of emotional distress. "A cause of action is properly dismissed as duplicative when it is 'based on the same facts and seek[s] essentially identical damages'" (Redd v Brooklyn Friends Sch., 238 AD3d 1181, 1184, quoting Guzman v Ramos, 191 AD3d 644, 648). Here, the claim alleging negligent infliction of emotional distress is duplicative of the claim alleging negligent supervision and retention, which remains pending. Accordingly, the court properly awarded the State summary judgment dismissing the claim alleging negligent infliction of emotional distress (see Redd v Brooklyn Friends Sch., 238 AD3d at 1184).
GENOVESI, J.P., BRATHWAITE NELSON, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court