■ STEVEN L. DAVIS et al., Appellants, v ALLEN R. LARHETTE, Respondent. WATSON & CHALIN MANUFACTURING, INC., Proposed Additional Respondent. [834 NYS2d 280]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated March 14, 2006, which denied their motion for leave to serve a supplemental summons and an amended complaint adding Watson & Chalin Manufacturing, Inc., as an additional defendant.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the motion is granted, and the proposed supplemental summons and amended complaint which were annexed to the plaintiffs' motion papers are deemed served.

On February 11, 2002, at approximately 7:18 P.M. in Newburgh, New York, a vehicle driven by the plaintiff Steven L. Davis (hereinafter the plaintiff) collided with a vehicle owned and operated by the defendant, Allen R. Larhette (hereinafter the defendant). The defendant, a Rhode Island resident, was a regional sales manager for his employer, Watson & Chalin Manufacturing, Inc. (hereinafter Watson & Chalin), and was on a business trip when the accident occurred. The accident occurred shortly after the defendant had departed a restaurant where he had dinner, and while he was returning to his motel in Newburgh. The plaintiffs timely commenced this action against the defendant. After the completion of discovery, the plaintiffs sought leave to amend their complaint to add Watson & Chalin as an additional defendant. By the time the plaintiffs' motion was made, the statute of limitations had expired, and the plaintiffs thus sought application of the relation-back doctrine. The Supreme Court denied the motion on the ground that the proposed amendment lacked merit, in that there was no evidence that the defendant had been acting within the scope of his employment at the time of the accident. We reverse.

"[T]he relation back doctrine allows a claim asserted against a defendant in an amended filing to relate back to claims previ-

ously asserted against a codefendant for Statute of Limitations purposes where the two defendants are 'united in interest' " (*Poulard v Papamihlopoulos*, 254 AD2d 266 [1998], quoting *Buran v Coupal*, 87 NY2d 173, 177 [1995]). "The doctrine requires the plaintiff to establish that ' (1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well' " (*Pappas v 31-08 Café Concerto*, 5 AD3d 452, 453 [2004], quoting *Austin v Interfaith Med. Ctr.*, 264 AD2d 702, 703 [1999]). New York law does not require proof of an "excusable" mistake, but only the existence of a mere mistake, on the part of the plaintiff seeking the benefit of the relation back doctrine (*DeLuca v Baybridge at Bayside Condominium I*, 5 AD3d 533, 535 [2004]).

At issue in the instant case is whether the defendant and Watson & Chalin are united in interest. Parties are united in interest when the interest of the parties in the subject matter is such that they will stand or fall together and that judgment against one will similarly affect the other (*see Hilliard v Roc-Newark Assoc.*, 287 AD2d 691, 692 [2001]). Generally, unity of interest will be found where one of the parties is vicariously liable for the conduct of the other (*see Mondello v New York Blood Ctr.—Greater N.Y. Blood Program*, 80 NY2d 219, 225 [1992]). An employer is vicariously liable for its employees' torts under the theory of respondent superior if the acts were committed while the employee was acting within the scope of his employment (*see Carnegie v J.P. Phillips, Inc.*, 28 AD3d 599 [2006]). An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of his employer, or if his act may be reasonably said to be necessary or incidental to such employment (*see Smith v Midwood Realty Assoc.*, 289 AD2d 391 [2001]).

An exception to the general rule that a worker traveling to and from work is not acting within the scope of employment exists where the employee uses his car in furtherance of his work (*see Lundberg v State of New York*, 25 NY2d 467, 470-471 [1969]). Employer responsibility is broad, "particularly where employee activity may be regarded as *incidental to the furtherance of the employer's interest*" (*Makoske v Lombardy*, 47 AD2d

284, 288 [1975], *affd* 39 NY2d 773 [1976] ; *see Bazan v Bohne,* 144 AD2d 168, 170 [1988]). An employer is freed from liability where the travel by the employee would still have occurred even though the business purpose had been cancelled (*see Matter of Marks v Gray,* 251 NY 90, 93 [1929]; *Cicatello v Sobierajski,* 295 AD2d 974, 975 [2002]).

Here, the defendant's employment with Watson & Chalin necessitated regular and frequent travel. The business purpose alone launched the subject journey (*cf. Rappaport v International Playtex Corp.,* 43 AD2d 393, 397 [1974]). The defendant's activities in stopping for dinner while on a business trip and driving back to his motel were incidental to the furtherance of Watson & Chalin's business interests (*see Bazan v Bohne, supra* at 170). Accordingly, the Supreme Court improvidently exercised its discretion in denying the plaintiffs' motion for leave to serve a supplemental summons and an amended complaint adding Watson & Chalin as an additional defendant.

The remaining contentions of the defendant and of Watson & Chalin either are without merit or have been rendered academic by our determination. Rivera, J.P., Krausman, Goldstein and Lunn, JJ., concur.