In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Fartnow, J.), dated September 13, 2011, as denied their cross motion pursuant to CELR 3126 to strike the separate answers of the defendant Moshe Tenenbaum and the defendants Horizon Care Center and Ocean Garden Nursing Facility, Inc., and granted the motion of the defendants Horizon Care Center and Ocean Garden Nursing Facility, Inc., for summary judgment dismissing the amended complaint insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.
The plaintiff Russell Einto (hereinafter the injured plaintiff) allegedly was injured when he was struck by a vehicle operated by the defendant Moshe Tenenbaum. At the time of the accident Tenenbaum was employed by the defendants Horizon Care Center and Ocean Garden Nursing Facility, Inc. (hereinafter together the Horizon defendants). The injured plaintiff, and his wife suing derivatively, commenced this action against *931 Tenenbaum and the Horizon defendants, alleging that Tenenbaum was acting within the scope of his employment when the accident occurred. In the order appealed from, the Supreme Court granted the Horizon defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them, and denied the plaintiffs’ cross motion pursuant to CPLR 3126 to strike the separate answers of Tenenbaum and the Horizon defendants.
The Supreme Court properly denied the plaintiffs’ cross motion to strike the answers of Tenenbaum and the Horizon defendants. The determination of whether to strike an answer pursuant to CPLR 3126 is addressed to the sound discretion of the trial court (see Rawlings v Gillert, 78 AD3d 806 [2010]; Lomax v Rochdale Vil., Inc., 76 AD3d 999 [2010]). However, the drastic remedy of striking an answer is inappropriate absent a clear showing that the failure to comply with discovery demands is willful or contumacious (see Laskin v Friedman, 90 AD3d 617, 617-618 [2011]; Nunez v Long Is. Jewish Med. Ctr.-Schneider Children’s Hosp., 82 AD3d 724 [2011]; Rawlings v Gillert, 78 AD3d at 806). Here, the plaintiffs failed to make such a showing.
The Supreme Court properly granted the Horizon defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them. An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of the employer, or if the act may be reasonably said to be necessary or incidental to such employment (see Holmes v Gary Goldberg & Co., Inc., 40 AD3d 1033 [2007]; Davis v Larhette, 39 AD3d 693 [2007]). “An employee’s actions fall within the scope of employment where the purpose in performing such actions is to further the employer’s interest, or to carry out duties incumbent upon the employee in furthering the employer’s business. Conversely, where an employee’s actions are taken for wholly personal reasons, which are not job related, his or her conduct cannot be said to fall within the scope of employment” (Beauchamp v City of New York, 3 AD3d 465, 466 [2004] [internal quotation marks and citations omitted]; see Danner-Cantalino v City of New York, 85 AD3d 709 [2011]).
The Horizon defendants established, prima facie, that they could not be held vicariously liable for Tenenbaum’s alleged negligence under the theory of respondeat superior, since he was not acting within the scope of his employment when the accident occurred, through the submission of the deposition testimony of Tenenbaum and the Horizon defendants’ president *932 and chief operating officer (see Comerford v Brown, 84 AD3d 1143 [2011]; Meloe v Gardner, 40 AD3d 1055 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the Horizon defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them.
Balkin, J.E, Lott, Austin and Sgroi, JJ, concur.