*772 In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bayne, J.), dated April 13, 2012, which granted the motion of the defendants Alliance for Health, Inc., Accent Care, Inc., and Accent Care of New York, Inc., for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Alliance for Health, Inc., Accent Care, Inc., and Accent Care of New York, Inc., for summary judgment dismissing the complaint insofar as asserted against them is denied.
The plaintiff allegedly was injured when a vehicle driven by the defendant Edwin A. Arias ran over the plaintiffs foot as Arias was attempting to park near the Brooklyn office of his employers, the defendants Alliance for Health, Inc., Accent Care, Inc., and Accent Care of New York, Inc. (hereinafter collectively the respondents). The plaintiff thereafter commenced this action to recover damages for personal injuries, and the respondents moved for summary judgment dismissing the complaint insofar as asserted against them, contending that Arias was not acting within the scope of his employment when the accident occurred. The Supreme Court granted the motion.
The respondents failed to establish, prima facie, that they cannot be held vicariously liable for Arias’s alleged acts, as the evidence submitted by the respondents did not sufficiently show that he was acting outside the scope of his employment when the accident took place (see Riviello v Waldron, 47 NY2d 297, 302 [1979]). “ ‘An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of his [or her] employer, or if his [or her] act may be reasonably said to be necessary or incidental to such employment’ ” (Holmes v Gary Goldberg & Co., Inc., 40 AD3d 1033, 1034 [2007], quoting Davis v Larhette, 39 AD3d 693, 694 [2007]). Here, Arias’s deposition testimony raised a triable issue of fact as to whether he was delivering documents from the respondents’ Bronx office to their Brooklyn location at the time of the incident. Since the respondents failed to establish, prima facie, their entitlement to judgment as a matter of law, we need not review the sufficiency of the plaintiff’s opposition papers, and the motion should have been denied (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). Eng, P.J., Dickerson, Chambers and Hall, JJ., concur.