■ Gui Won Baik, Respondent, v Miguel Enriquez et al., Appellants. [998 NYS2d 664]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Livote, J.), dated January 24, 2014, as denied those branches of their motion which were for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained serious injuries under the permanent consequential limitation of use, significant limitation of use, and significant disfigurement categories of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury to the lumbar region of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (*see generally Staff v Yshua,* 59 AD3d 614 [2009]).

Since the defendants did not sustain their prima facie burden,

it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969 [2011]).

In light of our determination, we need not address the defendants' remaining contention, raised in Point II of their brief. Hall, J.P., Austin, Miller and Maltese, JJ., concur.