■ CHRISTINE DERRICK, Appellant, v AMERICAN INTERNATIONAL GROUP, INC., et al., Respondents. [3 NYS3d 581]—Order, Supreme Court, New York County (Richard F. Braun, J.), entered October 18, 2013, which granted defendants' motion to dismiss the third amended complaint, and order (same court and Justice), entered October 18, 2013, which denied plaintiff's motion for leave to file a fifth amended complaint, unanimously reversed, on the law, without costs, plaintiff's motion for leave to serve her proposed fifth amended complaint granted, and defendants' motion to dismiss the third amended complaint denied as academic.

The determination of the Unemployment Insurance Appeal Board, denying plaintiff's claim for unemployment insurance benefits, does not preclude her from bringing any of the claims asserted herein (*see* Labor Law § 623 [2]; *Silberzweig v Doherty*, 76 AD3d 915, 916 [1st Dept 2010], *lv denied* 16 NY3d 709 [2011]).

According plaintiff's submissions "their most favorable intendment" for purposes of defendants' CPLR 3211 (a) (5) motion to dismiss (*Arrington v New York Times Co.*, 55 NY2d 433, 442 [1982], *cert denied* 459 US 1146 [1983]), her claims under the New York State and City Human Rights Laws, governed by a three-year limitations period, are timely in the present procedural posture (*see* CPLR 214 [2]; Administrative Code of City of NY § 8-502 [d]; *Murphy v American Home Prods. Corp.*, 58 NY2d 293, 307 [1983]). Plaintiff's cause of action under 42 USC § 1981, governed by a four-year limitations period, relates back to plaintiff's original timely pleading and is, therefore, also timely asserted (*see* CPLR 203 [f]; 28 USC § 1658 [a]; *Jones v R. R. Donnelley & Sons Co.*, 541 US 369, 372-373, 382 [2004]). Plaintiff has also adequately alleged claims under Section 1981 for invidious discrimination and retaliation (*see Vivenzio v City of Syracuse*, 611 F3d 98, 106 [2d Cir 2010]; *McDowell v North Shore-Long Is. Jewish Health Sys., Inc.*, 839 F Supp 2d 562, 566 [ED NY 2012]).

Since the claims asserted by plaintiff in her proposed fifth amended complaint are sufficiently meritorious to warrant granting leave to amend (*see* CPLR 3025 [b]), it is not necessary to consider the remaining discrete claims in her superseded third amended complaint. Review of those claims is further barred in light of the parties' so-ordered stipulation, directing that the third amended complaint be considered only in the event that those asserted in the fifth amended complaint were insufficient. Concur—Mazzarelli, J.P., DeGrasse, Richter and Feinman, JJ.