■ Marcia Zwibel, Respondent, v Midway Automotive Group et al., Defendants, Helms Bros, Inc., Appellant, and Mercedes-Benz, USA, LLC, Respondent. [7 NYS3d 377]—

In an action to recover damages for personal injuries, the defendant Helms Bros, Inc. appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered December 27, 2012, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it on the issue of liability and on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is affirmed insofar as appealed from, with costs payable to the plaintiff.

On June 9, 2010, at or near the intersection of Utopia Parkway and Underhill Avenue in Queens, the plaintiff allegedly sustained injuries when a vehicle operated by the defendant Kevin M. Henderson, Jr., collided with her vehicle. On the date of the accident, Henderson was employed as a valet by the defendant Helms Bros, Inc. (hereinafter Helms), a Mercedes-Benz dealership. The defendant Mercedes-Benz, USA, LLC (hereinafter MBUSA), was holding a program at Helms to introduce its employees to a new Mercedes-Benz vehicle model. As a component of the program, Helms employees were given the opportunity to test-drive the new model and similar models of competitors to compare the vehicles. At the time of the accident, Henderson was driving a competitor's vehicle as part of the MBUSA program.

The plaintiff commenced this action against, among others, Henderson, Helms, and MBUSA to recover damages for personal injuries. Helms moved for summary judgment dismissing the complaint insofar as asserted against it, contending that Henderson was not acting within the scope of his employment when the accident occurred and that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The Supreme Court, inter alia, denied the motion.

"Under the doctrine of respondeat superior, an employer can be held vicariously liable for the torts committed by an employee acting within the scope of the employment" (*Fernandez v Rustic Inn, Inc.*, 60 AD3d 893, 896 [2009]; *see Riviello v Waldron*, 47 NY2d 297, 302 [1979]; *Wood v State of New York*, 119 AD3d 672, 672 [2014]). "An act is considered to be within the scope of employment if it is performed while the employee is engaged generally in the business of his [or her] employer, or if his [or her] act may be reasonably said to be necessary or incidental to such employment" (*Davis v Larhette*, 39 AD3d 693, 694 [2007]; *see Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]; *Pinto v Tenenbaum*, 105 AD3d 930, 931 [2013]). "An employer, however, cannot be held vicariously liable for its employee's alleged tortious conduct if the employee was acting solely for personal motives unrelated to the furtherance of the employer's business at the time of the incident" (*Gui Ying Shi v McDonald's Corp.*, 110 AD3d 678, 679 [2013]; *see Pinto v Tenenbaum*, 105 AD3d at 931; *Horvath v L & B Gardens, Inc.*, 89 AD3d 803, 803 [2011]).

Here, Helms failed to establish, prima facie, that Henderson

was not acting within the scope of his employment when he was involved in the subject accident. Henderson testified at his deposition that his supervisor at Helms directed him and his fellow valets to participate in the MBUSA program and granted him permission to test-drive the competitor's vehicle. Henderson's deposition testimony raised a triable issue of fact as to whether Helms could be held vicariously liable for his alleged negligent driving (*see Ammirati v Arias*, 111 AD3d 771, 772 [2013]; *Fenster v Ellis*, 71 AD3d 1079, 1080 [2010]).

Moreover, Helms failed to meet its prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by Helms failed to adequately address the plaintiff's claims, set forth in the bill of particulars, that she sustained a serious injury to the lumbar region of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Baik v Enriquez*, 124 AD3d 721 [2015]).

Since Helms did not sustain its prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see id.*). Accordingly, the Supreme Court properly denied Helms's motion for summary judgment dismissing the complaint insofar as asserted against it on the issue of liability and on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Dillon, J.P., Dickerson, Duffy and Barros, JJ., concur.