■ WILLIAM J. SCOTT, Respondent, v PORFIRIO LOPEZ et al., Defendants, and FANCY FOODS, INC., Appellant. [25 NYS3d 298]—

In an action to recover damages for personal injuries, the de-

fendant Fancy Foods, Inc., appeals from an order of the Supreme Court, Kings County (Vaughan, J.), entered April 10, 2015, which denied its motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On August 11, 2011, the defendant Porfirio Lopez, an employee of the defendant Fancy Foods, Inc. (hereinafter Fancy Foods), was driving a vehicle that he owned. He collided with a vehicle owned by the defendant J. Caiazzo Maintenance Corp. (hereinafter Caiazzo) and operated by the defendant Robert Cuthbert Thomas, in which the plaintiff was a passenger.

The plaintiff subsequently commenced this action against Lopez, Caiazzo, and Thomas, and later amended the complaint to include Fancy Foods as a defendant, claiming that when the accident occurred, Lopez was operating his vehicle within the scope of his employment. Fancy Foods moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it, contending that Lopez was not acting within the scope of his employment when the accident occurred. The Supreme Court denied the motion. We affirm.

"The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment. Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (*Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]; *see Zwibel v Midway Auto. Group*, 127 AD3d 965, 966 [2015]). "An employee's actions fall within the scope of employment where the purpose in performing such actions is 'to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business'" (*Beauchamp v City of New York*, 3 AD3d 465, 466 [2004], quoting *Stavitz v City of New York*, 98 AD2d 529, 531 [1984]). An action may also be considered to be within the scope of employment when it "is performed while the employee is engaged generally in the business of the employer, or if the act may be reasonably said to be necessary or incidental to such employment" (*Pinto v Tenenbaum*, 105 AD3d 930, 931 [2013]). "An employer, however, cannot be held vicariously liable for its employee's alleged tortious conduct if the employee was acting solely for personal motives unrelated to the furtherance of the employer's business at the time of the incident" (*Gui Ying Shi v McDonald's Corp.*, 110

AD3d 678, 679 [2013]; *see Pinto v Tenenbaum*, 105 AD3d at 931; *Horvath v L & B Gardens, Inc.*, 89 AD3d 803, 803 [2011]). "Whether an employee was acting within the scope of his or her employment is generally a question of fact for the jury" (*Gui Ying Shi v McDonald's Corp.*, 110 AD3d at 679; *see Riviello v Waldron*, 47 NY2d 297, 303 [1979]).

Here, Fancy Foods failed to establish, prima facie, that Lopez was not acting within the scope of his employment when he was involved in the accident (*see Zwibel v Midway Auto. Group*, 127 AD3d at 966-967; *Ammirati v Arias*, 111 AD3d 771, 772 [2013]). The failure of Fancy Foods to make the requisite prima facie showing warranted the denial of its motion, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of our determination, we need not reach the parties' remaining contentions.

Accordingly, the Supreme Court properly denied Fancy Foods' motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it. Mastro, J.P., Leventhal, Austin and LaSalle, JJ., concur.