■ Dawn Camisa, Respondent, v Scott W. Rosen, Respondent, and Allan Briteway Electrical Contractors, Inc., Appellant, et al., Defendant. [54 NYS3d 111]—

In an action to recover damages for personal injuries, the defendant Allan Briteway Electrical Contractors, Inc., appeals from an order of the Supreme Court, Nassau County (Janowitz, J.), dated July 8, 2015, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the appellant's motion which was for summary judgment dismissing the cross claim of the defendant Town of Hempstead for common-law indemnification insofar as asserted against it, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with one bill of costs to the respondents payable by the appellant.

The plaintiff allegedly was struck by a motor vehicle driven by the defendant Scott W. Rosen as she was walking in a parking lot. On the date of the accident, Rosen was employed by the defendant Allan Briteway Electrical Contractors, Inc. (here-

inafter the appellant). The appellant provided Rosen with a vehicle stipend that paid for all of his vehicle's expenses, and also provided and paid for his cell phone. At the time of the accident, Rosen was on his way home and pulled into the parking lot to stop at a food market. Rosen was also on a phone call at the time, via hands-free Bluetooth, with a vendor of the appellant.

The plaintiff commenced this action against Rosen, the appellant, and the Town of Hempstead to recover damages for personal injuries. The complaint alleged, inter alia, that the Town negligently designed and maintained the parking lot, and the Town asserted cross claims against the appellant. The appellant moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Supreme Court denied the motion in its entirety on the ground that there were triable issues of fact as to whether Rosen was acting within the scope of his employment at the time of the accident. We modify.

"The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his [or her] servant within the scope of employment" (*Meehan v County of Suffolk*, 144 AD3d 640, 641 [2016]; *see Scott v Lopez*, 136 AD3d 885, 886 [2016]; *Rivera v Fenix Car Serv. Corp.*, 81 AD3d 622, 623 [2011]). " 'Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment' " (*Scott v Lopez*, 136 AD3d at 886, quoting *Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933 [1999]). "An employee's actions fall within the scope of employment where the purpose in performing such actions is 'to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business' " (*Scott v Lopez*, 136 AD3d at 886, quoting *Beauchamp v City of New York*, 3 AD3d 465, 466 [2004]). "An action may also be considered to be within the scope of employment when it 'is performed while the employee is engaged generally in the business of the employer, or if the act may be reasonably said to be necessary or incidental to such employment' " (*Scott v Lopez*, 136 AD3d at 886, quoting *Pinto v Tenenbaum*, 105 AD3d 930, 931 [2013]). "Employer responsibility is broad, 'particularly where employee activity may be regarded as incidental to the furtherance of the employer's interest' " (*Davis v Larhette*, 39 AD3d 693, 694 [2007] [emphasis omitted], quoting *Makoske v Lombardy*, 47 AD2d 284, 288 [1975]). "Whether an employee was acting within the scope of his or her employment is gener-

ally a question of fact for the jury" (*Scott v Lopez*, 136 AD3d at 886, quoting *Gui Ying Shi v McDonald's Corp.*, 110 AD3d 678, 679 [2013]).

Here, the appellant failed to establish, prima facie, that Rosen was not acting within the scope of his employment at the time of the accident (*see Scott v Lopez*, 136 AD3d at 886; *see generally Lundberg v State of New York*, 25 NY2d 467, 471 [1969]). This failure to make the requisite prima facie showing warranted the denial of that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, that branch of the appellant's motion which was for summary judgment dismissing the Town's cross claim alleging common-law indemnification insofar as asserted against it, which was unopposed, should have been granted (*see Raquet v Braun*, 90 NY2d 177, 183 [1997]; *Mas v Two Bridges Assoc.*, 75 NY2d 680, 690 [1990]; *Rehberger v Garguilo & Orzechowski, LLP*, 118 AD3d 765 [2014]; *Konsky v Escada Hair Salon, Inc.*, 113 AD3d 656 [2014]).

The appellant's remaining contentions are without merit. Rivera, J.P., Chambers, Duffy and Barros, JJ., concur.