Kelly v Starr (2020 NY Slip Op 01913)





Kelly v Starr


2020 NY Slip Op 01913


Decided on March 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2019-01530
 (Index No. 56439/16)

[*1]William J. Kelly, respondent, 
v
Mark Starr, defendant, Hunting Ridge Motors, Inc., appellant.


Reardon & Sclafani, P.C., Tarrytown, NY (Michael V. Sclafani and Vincent M. Sclafani of counsel), for appellant.
Jeffrey W. Rizzo, Bronx, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Hunting Ridge Motors, Inc., appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated January 7, 2019. The order denied the motion of the defendant Hunting Ridge Motors, Inc., for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action against the defendants, Mark Starr and Hunting Ridge Motors, Inc. (hereinafter Hunting Ridge), a company wholly owned by Starr, seeking damages, pursuant to Vehicle and Traffic Law § 388 and the doctrine of respondeat superior, for injuries the plaintiff alleged that he sustained in connection with a motor vehicle accident that occurred in May 2015. The plaintiff alleged that the accident occurred when the motorcycle he was driving collided with a vehicle driven by Starr.
Hunting Ridge thereafter moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it was not the owner of the vehicle at the time of the accident and that, at the time of the accident, Starr was not acting within the scope of his employment. The Supreme Court denied the motion, and Hunting Ridge appeals. We affirm.
We agree with the Supreme Court's determination that Hunting Ridge failed to demonstrate, prima facie, that it was not an owner of the vehicle within the meaning of Vehicle and Traffic Law §§ 128 and 388 or that Starr did not have its permission to operate the vehicle at the time of the accident (see David v Bryon, 56 AD3d 413, 414; see also A Dan Jiang v Jin-Liang Liu, 97 AD3d 707, 708-709). Vehicle and Traffic Law § 388(1) provides that the owner of a vehicle is liable for damages "resulting from negligence in the use or operation of such vehicle . . . by any person using or operating the same with the permission, express or implied, of such owner." The definition of "owner" includes "any . . . bailee of a motor vehicle . . . having the exclusive use thereof . . . for a period greater than thirty days" (Vehicle and Traffic Law § 128; see Vehicle and Traffic Law § 388; see generally Jung v Glover, 169 AD3d 782, 784).
Here, in support of its motion, Hunting Ridge submitted, inter alia, a transcript of Starr's deposition testimony, wherein Starr testified that he was the president of Hunting Ridge and its only employee. Starr further testified that, at the time of the incident, he was driving the vehicle at issue, a 2009 Lotus Evora (hereinafter the Lotus), which, although owned by another person, had been entrusted to Hunting Ridge for sale on consignment approximately a month earlier. Starr averred that, on the day at issue, he had driven the Lotus from his home to an auto repair shop to check on repairs to another vehicle entrusted to Hunting Ridge for consignment and was on his way home to walk his dog.
We also agree with the Supreme Court's determination denying that branch of Hunting Ridge's motion which was for summary judgment with respect to the doctrine of respondeat superior. "The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment . . . so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (Scott v Lopez, 136 AD3d 885, 886 [internal quotation marks omitted]). An employee's action may be considered to be within the scope of employment when it "is performed while the employee is engaged generally in the business of the employer, or if the act may be reasonably said to be necessary or incidental to such employment" (id. at 886 [internal quotations marks omitted]; see Davis v Larhette, 39 AD3d 693, 694). "Where travel is part of the employment, the crucial test is whether the employment created the necessity for the travel" (Carlson v American Intl. Group, Inc., 30 NY3d 288, 305 n 6 [internal quotation marks omitted]; see Davis v Larhette, 39 AD3d at 694).
Here, although Starr testified that, at the time of the accident, he was returning home to walk his dog, the Lotus he was operating was entrusted to Hunting Ridge and Starr had used it to travel to an auto mechanic on behalf of Hunting Ridge to check on another vehicle. Thus, there are triable issues of fact regarding whether Starr was traveling for purposes incidental to his employment (see Alkhabbaz v Best, 176 AD3d 661, 662; Camisa v Rosen, 150 AD3d 809, 811) such that Hunting Ridge could be held liable for Starr's alleged negligence under the doctrine of respondeat superior (see Scott v Lopez, 136 AD3d at 887; Zwibel v Midway Auto. Group, 127 AD3d 965, 966).
Hunting Ridge's failure to make the requisite prima facie showing warranted the denial of its motion, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of the foregoing, we need not reach the plaintiff's remaining contention which, in any event, is improperly raised for the first time on appeal.
DILLON, J.P., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court