Uy v Hussein (2020 NY Slip Op 05080)





Uy v Hussein


2020 NY Slip Op 05080


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2018-02145 
2018-07670
 (Index No. 710865/16)

[*1]Mark T. Uy, respondent, 
v
MD A. Hussein, defendant, Uber Technologies, Inc., appellant.


Gordon Rees Scully Mansukhani, LLP, Harrison, NY (Julia E. Braun and Donald G. Derrico of counsel), for appellant.
Law Office of James Trainor, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Uber Technologies, Inc., appeals from (1) an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered December 22, 2017, and (2) an order of the same court entered April 19, 2018. The order entered December 22, 2017, granted the plaintiff's motion, in effect, for summary judgment determining that the defendant MD A. Hussein was an employee of the defendant Uber Technologies, Inc., and denied the cross motion of the defendant Uber Technologies, Inc., for summary judgment dismissing the amended complaint insofar as asserted against it. The order entered April 19, 2018, denied the motion of the defendant Uber Technologies, Inc., for leave to renew and reargue its cross motion and its opposition to the plaintiff's motion.
ORDERED that the order entered December 22, 2017, is modified, on the law, by deleting the provision thereof granting the plaintiff's motion, in effect, for summary judgment determining that the defendant MD A. Hussein was an employee of the defendant Uber Technologies, Inc., and substituting therefor a provision denying the motion; as so modified, the order is affirmed; and it is further,
ORDERED that the appeal from so much of the order entered April 19, 2018, as denied that branch of the motion of the defendant Uber Technologies, Inc., which was for leave to reargue is dismissed, as no appeal lies from the denial of reargument; and it is further,
ORDERED that the appeal from so much of the order entered April 19, 2018, as denied that branch of the motion of the defendant Uber Technologies, Inc., which was for leave to renew its opposition to the plaintiff's motion, in effect, for summary judgment determining that the defendant MD A. Hussein was its employee is dismissed as academic in light of our determination on the appeal from the order entered December 22, 2017; and it is further,
ORDERED that the order entered April 19, 2018, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On April 8, 2016, at approximately 7:21 p.m., the plaintiff was walking within the intersection of 65th Place and Laurel Hill Boulevard in Queens, when he was struck by a vehicle operated by the defendant MD A. Hussein. Hussein allegedly was an employee of the defendant Uber Technologies, Inc. (hereinafter Uber), at the time of the incident. The plaintiff thereafter commenced the instant personal injury action, alleging, inter alia, that Uber was vicariously liable for Hussein's conduct.
The plaintiff moved, in effect, for summary judgment determining that Hussein was an employee of Uber at the time of the subject incident. In support of its motion, the plaintiff contended that Uber was collaterally estopped from contesting Hussein's employment status by a decision of the New York State Unemployment Insurance Appeal Board (hereinafter the appeal board) filed June 9, 2017, which had determined, inter alia, that certain claimants were employees of Uber and entitled to receive unemployment insurance benefits. Uber cross-moved for summary judgment dismissing the amended complaint insofar as asserted against it. In an order entered December 22, 2017, the Supreme Court granted the plaintiff's motion and denied Uber's cross motion. Uber subsequently moved, inter alia, for leave to renew its cross motion and its opposition to the plaintiff's motion. In an order entered April 19, 2018, the court denied the Uber's motion. Uber appeals from both orders.
Uber correctly contends that the decision of the appeal board was not entitled to preclusive effect in this action. With exceptions not applicable here, Labor Law § 623(2) provides that "[n]o finding of fact or law contained in a decision rendered pursuant to [Labor Law article 18] by . . . the appeal board . . . shall preclude the litigation of any issue of fact or law in any subsequent action." Thus, pursuant to statute, the appeal board decision cannot be given collateral estoppel effect in this action (see id.; Matter of Lewis v New York State Div. of Human Rights, 163 AD3d 818, 820; Derrick v American Intl. Group, Inc., 126 AD3d 576). Although Uber relies upon Labor Law § 623(2) for the first time on appeal, we nevertheless reach the issue because it involves a question of law that appears on the face of the record which could not have been avoided if brought to the attention of the Supreme Court at the appropriate juncture (see Pipinias v J. Sackaris & Sons, Inc., 116 AD3d 749, 750).
As for Uber's cross motion, it failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the amended complaint insofar as asserted against it. In support of its cross motion, Uber argued that Hussein was not acting within the scope of any alleged employment with it when the incident occurred. Uber relied upon an affidavit of Hussein, averring that he had logged off of the Uber app at 6:41 p.m. on the day of the incident.
Uber failed to demonstrate the admissibility of Hussein's English-language affidavit, in light of evidence that Hussein could not read and understand an English-language affidavit, including evidence that an affidavit submitted by Hussein on a prior motion had to be translated for him into Bengali (see CPLR 2101[b]; Raza v Gunik, 129 AD3d 700).
In any event, even considering Hussein's affidavit, as well as an affidavit submitted in reply by Uber representative Chad Dobbs, which contained essentially the same averments as Hussein's affidavit, Uber failed to meet its burden. An action may be considered to be within the scope of employment, thus rendering an employer vicariously liable for the conduct, when "the employee is engaged generally in the business of the employer, or if the act may be reasonably said to be necessary or incidental to such employment" (Pinto v Tenenbaum, 105 AD3d 930, 931). Whether an employee was acting within the scope of his or her employment is generally a question of fact for the jury (see Camisa v Rosen, 150 AD3d 809, 810-811).
Here, contrary to Uber's contention, the averments of Hussein and Dobbs that Hussein had logged off of the Uber app 40 minutes before the accident were simply insufficient, without more, to eliminate all questions of fact as to whether Hussein was acting within the scope of his alleged employment with Uber at the time of the incident (see Camisa v Rosen, 150 AD3d 809; Scott v Lopez, 136 AD3d 885, 887; see generally Lundberg v State of New York, 25 NY2d 467, 470-471). Accordingly, Uber's cross motion for summary judgment dismissing the amended [*2]complaint insofar as asserted against it was properly denied.
Uber was not entitled to leave to renew its cross motion, as it failed to submit new facts that would have changed the prior determination (see CPLR 2221[e][2]; Patel v Gardens at Forest Hills Owners Corp., 181 AD3d 611).
Uber's remaining contentions either are without merit or need not be reached in light of our determination.
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court