Cobena v Antonioli (2023 NY Slip Op 03221)

Cobena v Antonioli

2023 NY Slip Op 03221

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2020-08073
 (Index No. 703464/18)

[*1]Yuly Cobena, plaintiff-respondent, 
v
Mark B. Antonioli, defendant-respondent, Metro Auto Body, Inc., appellant.

Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for appellant.
Sean H. Rooney, Brooklyn, NY, for plaintiff-respondent.
Scahill Law Group, P.C., Bethpage, NY (Keri A. Wehrheim of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Metro Auto Body Inc. appeals from an order of the Supreme Court, Queens County (Robert I. Caloras, J.), entered October 16, 2020. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
ORDERED that the order is affirmed, with one bill of costs.
On September 14, 2017, the plaintiff, as a passenger in a vehicle operated by the defendant Mark B. Antonioli (hereinafter the defendant driver), allegedly was injured in an accident. The defendant driver was employed by the defendant Metro Auto Body, Inc. (hereinafter Metro). The plaintiff commenced this action to recover damages for personal injuries against the defendant driver and Metro. Metro moved for summary judgment dismissing the complaint and all cross- claims insofar as asserted against it on the ground that at the time of the accident, the defendant driver was not acting within the scope of his employment. The Supreme Court denied the motion, and Metro appeals.
"The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment . . . so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (Scott v Lopez, 136 AD3d 885, 886 [internal quotation marks omitted]). "An employee's actions fall within the scope of employment where the purpose in performing such actions is to further the employer's interest, or to carry out duties incumbent upon the employee in furthering the employer's business" (Camisa v Rosen, 150 AD3d 809, 810 [internal quotation marks omitted]). An employee's action also falls within the scope of employment when "it is performed while the employee is engaged generally in the business of the employer, or if the act may be reasonably said to be necessary or incidental to such employment" (id. at 810 [internal quotation marks omitted]; see Alkhabbaz v Best, 176 AD3d 661, 662). "Employer responsibility is broad, particularly where employee activity may be regarded [*2]as incidental to the furtherance of the employer's interest" (Camisa v Rosen, 150 AD3d at 810 [internal quotation marks omitted]; see Davis v Larhette, 39 AD3d 693, 694).
Conversely, an employer "cannot be held vicariously liable for its employee's alleged tortious conduct if the employee was acting solely for personal motives unrelated to the furtherance of the employer's business at the time of the incident" (Scott v Lopez, 136 AD3d at 886 [internal quotation marks omitted]). "Whether an employee was acting within the scope of his or her employment is generally a question of fact for the jury" (Camisa v Rosen, 150 AD3d at 810-811 [internal quotation marks omitted]).
Here, the evidence submitted by Metro in support of its motion, which included a transcript of the plaintiff's deposition testimony, failed to eliminate all triable issues of fact as to whether the defendant driver was traveling for purposes necessary or incidental to his employment at the time of the accident (see Kelly v Starr, 181 AD3d 799, 801; Alkhabbaz v Best, 176 AD3d at 662; Camisa v Rosen, 150 AD3d at 811; Scott v Lopez, 136 AD3d at 887). Metro's failure to make the requisite prima facie showing warranted denial of its motion, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied Metro's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it.
BARROS, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court