Lawrence v Sparks (2023 NY Slip Op 03859)

Lawrence v Sparks

2023 NY Slip Op 03859

Decided on July 19, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 19, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-04284
 (Index No. 700601/18)

[*1]Latanya Leticia Lawrence, respondent, 
v
Louis Sparks, et al., appellants.

Armienti, DeBellis & Rhoden, LLP, New York, NY (Vanessa M. Corchia of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Joseph J. Risi, J.), dated April 22, 2020. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment on the issue of liability insofar as asserted against the defendants Manhattan & Bronx Surface Transit Operating Authority, Metropolitan Transportation Authority, MTA Bus Company, and New York City Transit Authority, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
In January 2018, the plaintiff commenced this action to recover damages for personal injuries she alleged she sustained in September 2017, when a bus driven by the defendant Louis Sparks struck her legally parked vehicle while she was sitting in it, causing injuries and property damage. The plaintiff alleged, inter alia, that the bus was owned by the defendants Manhattan & Bronx Surface Transit Operating Authority, Metropolitan Transportation Authority, MTA Bus Company, and New York City Transit Authority (hereinafter collectively the transit defendants), and that Sparks was operating the bus within the scope of his employment. In an amended answer, the transit defendants admitted that Sparks was operating the bus at issue at the time of the incident, but expressly denied that any of the transit defendants owned, operated, managed, controlled, or maintained the vehicle or that Sparks was operating the bus within the scope of his employment with any of the transit defendants or with their consent. The plaintiff moved for summary judgment on the issue of liability, contending, inter alia, that Sparks was negligent in striking her parked vehicle. In an order dated April 22, 2020, the Supreme Court granted the plaintiff's motion. Sparks and the transit defendants appeal.
As an initial matter, the uncertified police accident report submitted by the plaintiff in support of her motion was not in admissible form and the Supreme Court should not have considered it when determining the motion (see Pena v KST Trucking, Inc., 206 AD3d 1007, 1008; Yassin v Blackman, 188 AD3d 62, 65-67). Nonetheless, even without regard to the accident report, the plaintiff established, prima facie, that Sparks was negligent in striking the rear passenger side of her legally parked vehicle with the bus that he was operating (see Yassin v Blackman, 188 AD3d at 67; Yong Dong Liu v Lowe, 173 AD3d 946, 947). In opposition, Sparks and the transit defendants [*2]failed to raise a triable issue of fact regarding Sparks's negligence (see Diamond v Comins, 194 AD3d 784, 785; Gooden v EAN Holdings, LLC, 189 AD3d 1552, 1552-1553).
However, the plaintiff failed to establish her prima facie entitlement to judgment as a matter of law on the issue of liability against the transit defendants. In their amended answer, the transit defendants expressly denied ownership or control of the bus or control over Sparks, and, in response, the plaintiff failed to demonstrate, prima facie, any relationship between the transit defendants and the bus or between the transit defendants and Sparks (see Chandler v New York City Tr. Auth., 209 AD3d 825, 827; Zaiman v Metropolitan Tr. Auth., 186 AD2d 555, 556). The plaintiff also failed to establish the transit defendants' liability, if any, with respect to the accident (see generally Kelly v Starr, 181 AD3d 799; Marinkovic v IPC Intl. of Ill., 95 AD3d 839, 840). Since the plaintiff failed to meet her prima facie burden as to the transit defendants, that branch of her motion which was for summary judgment on the issue of liability insofar as asserted against the transit defendants should have been denied without regard to the sufficiency of their opposition papers.
The remaining contentions of Sparks and the transit defendants are either without merit or improperly raised for the first time on appeal.
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court