Fields v County of Westchester (2024 NY Slip Op 50042(U))

[*1]

Fields v County of Westchester

2024 NY Slip Op 50042(U)

Decided on January 18, 2024

Supreme Court, Westchester County

Giacomo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 18, 2024
Supreme Court, Westchester County

Richard Fields, Plaintiff,

against
The County of Westchester, WESTCHESTER COMMUNITY COLLEGE et al., Defendants.

Index No. 50797/2016

Attorney for Plaintiff: 
Carolyn V. Minter, Esq.
Law Offices of Carolyn V. Minter, Esq. 
Bar Building
79 Croton Avenue
Ossining, New York 10562
914-762-1458
Attorney for Defendant Faculty Student Association of Westchester Community College, Inc.:
Steven L. Young, Esq. 
Wilson Elser Moskowitz Edelman & Dicker LLP
1133 Westchester Avenue
White Plains, New York 10604
914-872-7252

William J. Giacomo, J.

In an action to recover damages for defamation, intentional infliction of emotional distress, and wrongful termination, defendant Faculty Student Association of Westchester Community College, Inc. (hereinafter FSA) moves, pre answer, pursuant to CPLR 3211(a) (5) to dismiss as time-barred every cause of action alleged against FSA in the second amended verified complaint (SAVC). In the alternative, FSA seeks to have the causes of action alleged against it severed pursuant to CPLR 603 to allow FSA to conduct the necessary discovery. 
[*2]Papers Considered/NYSCEF DOC NO. 135-150; 153-157; 165-169
1. Notice of Motion/Affirmation in Support of Steven L. Young, Esq./Memorandum of Law/Exhibits A-L
2. Notice of Amended Motion/Letter to Court
3. ffidavit in Opposition of plaintiff/ Affirmation in Opposition of Carolyn V. Minter, Esq.
4. Reply memorandum of Law

 FACTUAL AND PROCEDURAL BACKGROUND
The Court assumes the familiarity with the record. The pertinent background for the instant motion is taken from this Court's recent decisions on the matter and is set forth as follows: This defamation action arises from a transcript scandal among the men's basketball team at Westchester Community College ('WCC') and a series of articles published in The Journal News. Between 2010 and 2014, the plaintiff Richard Fields was the assistant men's basketball coach at WCC in Valhalla, New York. The head basketball coach at the time was defendant Tyrone Mushatt (Mushatt). On October 16, 2014, Mushatt informed plaintiff that they were both suspended from coaching and were prohibited from entering the school's campus due to an investigation into allegations of transcript fraud. Mushatt then informed Larry Massaroni, the WCC Athletic Director, and Dean Donald Weigand, Vice President of WCC, that the plaintiff admitted altering a transcript and sending the fraudulent transcript to another academic institution. Based upon this information provided by Mushatt, plaintiff was terminated from his employment on October 16, 2014. Weigand and John F.M. Flynn, the interim President of WCC, informed Patrick Hennessey, the WCC spokesman, of the information provided by Mushatt, i.e. that plaintiff admitted to altering a transcript. Hennessey reported the admission to the press.
On October 17, 2014, the New York State Inspector General's Office began investigating the transcript scandal and instructed WCC staff to cease any investigation into the matter. The investigation by the Inspector General's office and thereafter, the Westchester County District Attorney's Office, resulted in the suspension of the basketball program at WCC, the termination of the entire coaching staff, and ultimately the arrest of Mushatt. On February 28, 2017, Mushatt plead guilty to criminal possession of a forged instrument in the second degree and conspiracy in the fifth degree before the Westchester County Court (Warhit, J.).
Plaintiff commenced this action seeking damages for defamation and wrongful termination against, inter alia, The County of Westchester, Westchester Community College, and various officers of Westchester Community College in their individual capacity and in their capacity as President (Joseph N. Hankin), Chairman of the Board of Trustees (David Swope), Spokesman and Director of College, Community Relations (Patrick Hennessey), and Interim President (John F. M. Flynn). Plaintiff also commenced this action against Gannett Satellite Information Network, LLC (Gannett) which publishes The Journal News and several of its staff writers and reporters.[FN1]
In an order dated January 23, 2017, in pertinent part, this Court, inter alia, [*3]granted the motion of the Journal News and its individual defendants to dismiss the complaint, pursuant to CPLR 3211, insofar as asserted against them. Thereafter, discovery ensued.
A trial readiness order was issued by the Supreme Court, Westchester County (Lefkowitz, J.) on May 1, 2018, and the note of issue was filed on May 3, 2018. The County of Westchester, WCC and the individual defendants moved for summary judgment dismissing the complaint. By decision and order dated November 8, 2018, this Court granted this motion, solely to the extent that the claim for punitive damages against the County of Westchester and Westchester Community College is dismissed and any liability under the theory of respondeat superior on behalf of the defendant Tyrone Mushatt is dismissed.
By order to show cause, plaintiff moved to amend the complaint to add FSA as a defendant asserting that during the course of discovery, plaintiff learned that he was employed by FSA. In an order dated July 18, 2018, this Court granted the plaintiff's motion for leave to amend the complaint. The Court also held that the proposed second amended complaint was deemed served with the omission of paragraphs 158 and 159 which improperly attempted to raise new allegations of negligence against the County defendants.
The Court notes that a liability trial in the matter of Keith Thomas v County of Westchester, et al, was previously held before this Court and a jury in 2020. In brief, plaintiff Keith Thomas attended WCC and played on the men's basketball team under Mushatt. Thomas was offered a scholarship to play NCAA Division I basketball at St. John's University for the 2014-2015 season. In October 2014, it was revealed that Thomas' admission to St. John's and eligibility to play Division I basketball was based upon a fraudulent WCC transcript. After the transcript scandal was exposed, six days before the first game of the season, Thomas' scholarship and admission to St. John's University was revoked. Thomas then commenced an action seeking damages against the County of Westchester and FSA. 
Instant Action
The SAVC was filed on July 23, 2018, alleging a negligent supervision claim against FSA. FSA claims that it was not served until September 10, 2018. FSA now moves to dismiss on the basis that the claims are barred by the three-year statute of limitations applicable to negligence claims. The plaintiff was terminated on October 16, 2014 but did not serve the complaint on FSA, his employer, until September 10, 2018. Three years have passed and FSA maintains that plaintiff should not be able to rely on the relation back doctrine to toll the statute of limitations. According to FSA, there was no reason for plaintiff to believe that either he or Mushatt were employed by WCC, or that FSA hid the fact that it was his employer. According to FSA, although plaintiff states that he learned during the course of discovery that he and Mushatt were employed by FSA, and not WCC, plaintiff did not provide any documents to reinforce his position. Further, WCC's answer dated September 20, 2016, denying that Mushatt was its employee, should have allegedly put plaintiff on notice that discovery and deposition were necessary to determine Mushatt's employer. 
FSA believes that plaintiff's delay in adding FSA as a defendant is prejudicial as it had no [*4]opportunity to conduct discovery prior to the note of issue. FSA submits a W-2 form and other forms indicating that plaintiff's employer was "Faculty Student Assoc of Westchester Comm College," or "FSA of WCC." Plaintiff's termination letter is written on Westchester Community College State University of New York letterhead and states at the bottom, "Westchester Community College is sponsored by the County of Westchester; Affiliated with the State University of New York." The letter advised plaintiff that he was terminated from his position as Assistant Men's Basketball coach at the college. There was no mention of FSA anywhere in the letter. Nonetheless, FSA claims that it was signed by the former Athletic Director, who was employed by FSA. In addition the WCC athletic department is managed by FSA. Thus, plaintiff should have purportedly known that FSA was his employer. 
In the alternative, FSA is seeking to sever plaintiff's claims alleged against it so that plaintiff can institute a separate litigation against FSA. FSA argues that the action had been ongoing for almost three years prior to when it was served with the SAVC. Also, plaintiff filed the order to show cause seeking to amend his complaint to add FSA as a defendant right before filing the note of issue. FSA states that it has had no opportunity to conduct discovery prior to the filing of the note of issue. As a result, FSA would allegedly be prejudiced if the action continues to proceed. 
Plaintiff submitted an affidavit in opposition to the motion. Plaintiff states that he did not know in 2014 that he had been employed by FSA. He did not receive any documents such as the "FSA Code of Conduct and Business Ethics," and, since he never filled out a formal application to be hired as the assistant coach, he never received any documents informing him that FSA was his employer. Although plaintiff did receive checks, the checks said Westchester Community College on them, so he believed that they were issued by WCC. Plaintiff submits his deposition testimony where he testified that no one from WCC ever informed him that his employer was FSA. He never had contact with anyone from FSA. He also thought that Mushatt, his immediate supervisor, was employed by WCC. 
According to plaintiff, FSA and WCC have still not set forth the relationship between the parties; no contract, agreement or charter has been provided setting forth the duties and responsibilities towards one another. Plaintiff claims that FSA has not submitted any documentation showing that plaintiff was aware that FSA was his employer. Plaintiff continues that Mushatt is referred to as the head coach of the WCC men's basketball team. Plaintiff is referred to as the assistant coach for the Westchester Community College Men's basketball team. Plaintiff's termination letter is not on FSA stationery, nor is FSA mentioned.Plaintiff alleges that FSA and WCC are united in interest and that the relation back doctrine should apply. By using "FSA of WCC," it appears that the organizations are affiliated with one another. Both claims arose out of the same conduct, transaction and occurrence and the defamation arose when plaintiff was falsely accused of criminal conduct. Plaintiff continues that FSA will not suffer any prejudice. Finally, but for plaintiff's mistake as to the identify of his proper employer, the action would have been brought against FSA from the outset. 

 DISCUSSION
Motion To Dismiss
"On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (5) on the ground that the complaint is barred by the applicable statute of limitations, the defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired." Barry v Cadman Towers, Inc., 136 AD3d 951, 952 (2d Dept 2016). 
FSA argues that any claim in the SAVC alleging negligent supervision must be barred by the three-year statute of limitations. Plaintiff argues that the relation-back doctrine allows for him to assert this claim, which is predicated on the same set of facts and circumstances alleged in the initial complaint, and that FSA is united in interest with the original defendants. Plaintiff argues that the new claims are based on the same allegations in the original pleading; namely that plaintiff was defamed when he was falsely accused of criminal conduct. Plaintiff also argues that none of the documents provided support the contention that he somehow should have known that he was employed by FSA, and not WCC.
Relation-Back Doctrine
Under certain circumstances, pursuant to the "relation-back doctrine of CPLR 203 (b) and (c), new parties may be joined as defendants in a previously commenced action, after the statute of limitations has expired on the claims against them . . . ." Higgins v City of New York, 144 AD3d 511, 512 (1st Dept 2016). For the new claims asserted against FSA to relate back to the original complaint, plaintiff must establish the following:
"(1) both claims arose out of the same conduct, transaction, or occurrence, (2) the new party is united in interest with the original defendant, and by reason of that relationship can be charged with such notice of the institution of the action that the new party will not be prejudiced in maintaining its defense on the merits by the delayed, otherwise stale, commencement, and (3) the new party knew or should have known that, but for a mistake by the plaintiff as to the identity of the proper parties, the action would have been brought against that party as well."
Davis v Larhette, 39 AD3d 693, 694 (2d Dept 2007) (internal quotation marks omitted). Parties are considered to be united in interest "when the interest of the parties in the subject matter is such that they will stand or fall together and that judgment against one will similarly affect the other." Id.
At the outset, FSA does not dispute that plaintiff is able to establish the first and second elements of the relation back doctrine and primarily focuses on the third element. Nonetheless, as set forth below, plaintiff herein has established all the elements of the relation back doctrine. The claims arise from the same occurrence whereby plaintiff was falsely accused of forging transcripts of students on the men's basketball team at WCC. Further, as FSA itself alleges that it manages the WCC athletic department, FSA was at all times united in interest with the County defendants, who were "timely served and had a full opportunity to make an investigation within the limitations period." Buran v Coupal, 87 NY2d 173, 182 (1995). 
Turning to the third element, "New York law does not require proof of an 'excusable' mistake, but only the existence of a mere mistake, on the part of the plaintiff seeking the benefit of the relation back doctrine." Davis v Larhette, 39 AD3d at 694. Plaintiff claims that he only found out during the course of discovery that FSA was his employer. As a result, plaintiff provided an excuse for failing to add FSA as an original defendant and FSA has provided no evidence that plaintiff's failure to move any faster was intentional. See Pansini Stone Setting, Inc. v Crow & Sutton Assoc., Inc., 46 AD3d 784, 787 (2d Dept 2007) ("The defendants' argument that the plaintiff acted unreasonably in failing to act promptly to add Travelers and St. Paul as parties is not a basis for denying the motion. Only an excuse, not a reasonable excuse, is necessary to support the plaintiff's application to add a new defendant, as long as the delay was not intentional"). Further, although not required, the termination letter and the payment stubs, as [*5]substantively set forth in the facts, indicate that plaintiff has established more than an excusable mistake in failing to identify FSA as his employer. 
As plaintiff has established the elements of the relation back doctrine, the claims asserted in the SAVC relate back to the date of the original pleading. 
Motion to Sever
Pursuant to CPLR 603, in relevant part, "[i]n furtherance of convenience or to avoid prejudice the court may order a severance of claims, or may order a separate trial of any claim, or of any separate issue." It is undisputed that FSA had notice of the action against the County defendants, and the Court finds that FSA will not suffer prejudice by being added as an additional defendant to the action. See e.g. Buran v Coupal, 87 NY2d at 182 ("In that it is undisputed that Janet Coupal had notice of the action against her husband, the question whether the Burans mistake in failing to name her initially was 'excusable' was immaterial. Adding her as a party resulted in no delay or prejudice"). Accordingly, FSA's motion to sever is denied. 

 CONCLUSION
Accordingly, it is hereby
ORDERED that defendant Faculty Student Association of Westchester Community College, Inc.'s motion to dismiss the complaint, pursuant to CPLR 3211 (a) (5), or, in the alternative, sever the claims pursuant to CPLR 603, is DENIED; and it is further
ORDERED that the defendant shall serve its answer within ten days of service of this order with notice of entry (see CPLR 3211[f]).
The parties are directed to appear for a compliance conference on February 6, 2024 at 10:30 a.m., Courtroom 102, to address what discovery, if any, remains outstanding. 
Dated: White Plains, New York
January 18, 2024
HON. WILLIAM J. GIACOMO, J.S.C.

Footnotes

Footnote 1: This action was originally commenced against The Journal News, Gannett Satellite Information Network, Inc., and CynDee Royle who is recently deceased. By stipulation, The Journal News has been removed from the caption; Gannett Satellite Information Network, LLC has been substituted for Gannett Satellite Information Network, Inc.; and the action has been dismissed against CynDee Royle. The action has also since been discontinued against David Swope and Joseph N. Hankin, who both passed away.